Tilghman C. J.
To the habeas corpus in this case the defendant returned, that he holds L. Menges as an enlisted soldier. The facts agreed on are these. Menges enlisted as a soldier, received bounty money and took the oath required by law. At that time he was a minor, and the consent of his father to the enlistment had not been obtained. But five or six days after the enlistment, and while the son remained in the service, his father gave his consent in writing. There is no doubt, but a minor, with consent of his father, may enlist in the army. But it is contended, that this enlistment was void, because the act of congress of 20th January, 1813, directs, “ that no person under the age of “ twenty-one years shall be enlisted by any officer, or held in “ the service of the United States, without the consent of his “ parent, guardian, or master, in writing first had and ob- “ tained.” The case is within the words but not within the spirit of the law, which I take to be this : that no minor shall be detained without the consent of his parent. Before such consent given, the minor or the parent may demand his discharge, and the law forbids the holding of him. But after consent, both parent and child are concluded. I am therefore of opinion, that the prisoner should be remanded. At the same time I cannot help expressing my confident hope, that he will not be rigorously proceeded against as a deserter. He might have left the service under a belief that his enlistment was illegal, and perhaps he had been so advised; this, although no justification, would be so great a palliation, that his case would deserve particular consideration.
Yeates J.
The section of the act of congress of 20th January, 1813, relied on by the counsel of Menges, evidently contemplates the interest of the parent, guardian, and mas *90 ter of a minor enlisted in the service of the United States, who is thereby interdicted from entering into engagements inconsistent with the duties he owes in different relations. It pre-supposes, that a minor of sufficient understanding may enter into the service of his country, when no legal impedid ment opposes his wishes. As to the parent, guardian, or master, it is of no moment when they give their consent to the enlistment, provided they agree thereto in writing. Their several rights are secured thereby, and their subsequent assent is a substantial, if not a literal compliance with the words of the law; it falls within the maxim, Omnis ratihabitio retrotrahitur et mandato cequiparatur. Menges must therefore be remanded to the custody of his officer. At the same time I most cordially join in the recommendation of the Chief Justice, that he should not be rigorously proceeded against for his delinquency in leaving the service, when possibly his impressions were, that he could not be legally detained.
Br.ackenr.idge J.
I am of opinion that a minor under no controul of parent, guardian, or master, is sui juris, and may enlist in the service of the United States as he may contract for his benefit, and that this contract is neither void nor voidable by him for the period specified. But I admit that it must appear to be for his benefit, and that the courts of law, his guardian, where there has not been one appointed, will have a right to interfere and tp see that it has been for his benefit.
That an enlistment or contract to an apprenticeship in military service may be for the benefit of a minor, who can doubt; unless we take it that the military service of our country cannot be for the benefit of any one. I take it that the enlistment of the minor in this case was neither void, nor voidable but by those who had a paramount authority over him, or interest in his service. This was the father. The father had an interest in the service of his son, and could have avoided the enlistment, and refused to ratify the contract which the son had made for himself. This he did not do, but assented to it and ratified it.
Public policy requires a liberal extension of the common law, as to the privilege of the infant to contract for so honour'* *91 able an education as that of a military man. Many noble spirits would be otherwise checked in their career, and the soul of a great commander in embryo suppressed. Those who have an authority over the minor, or an interest in his service, can alone oppose. Where parent, guardian, or master, or such as have a controul or interest, not originally consenting, yet may wave all claims subsequently, and this amounts to an original consent. All this on the ground of the common law, considering the act of the minor not void nor by himself voidable.
As to the act of congress, I consider it as nothing more than directory to the officers of the United States government, and in affirmance of the common law, which would protect against the act of congress, did it transgress the right of the citizen. If by the act of congress the officer should enlist without consent of parent, &c., it would be void as impairing obligations; the obligations due by a minor to those who had authority over him, or an interest in his services, whether as a parent, guardian, or master. It was saying nothing, to say that he shall enlist with consent, unless as directory, and as instructions to him what the common law was, except as to the consent being in writing. The whole of this case depends upon the question which lies at the bottom: Was the contract of the minor in enlisting wholly void ? Many instances have come before me, where the infant has imposed upon the public officer, affirming himself to be of full age, and all know that between the teens and twenty-one the age is deceiving; it is difficult to distinguish Uvultu ambiguo” The countenance is doubtful. Under such deception and imposition the bounty has been received and clothing furnished ; the money has been dissipated. Shall the enlisted person who turns out to be a minor, have the advantage of ' such trick, when the parent, guardian, or master comes forward and gives that consent, which, had the case of a minority been known, would have been required in the first in's tance ? It is from hence, that the possible abuse of a pre- - ténce of privilege of infancy may be seen. Under the discharge on this ground, we may look to the inconvenience, not only of the United States losing the service of the minor, but álso the bounty and the military clothing, &c. I am fqr remanding the soldier, but earnestly recommending him to mercy, for his defection, under a mistake , of what the -law *92 would oblige him to do. I think that on these considerations, he is a subject of the mercy of a military court, or of the President who has the power to pardon.
Prisoner remanded. .